IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>                  Plaintiff,<br><br>vs.<br><br>LANCASTER COUNTY COURTS, HON. MCMANAMAN, Judge; CHRISTOPHER SIEFERT, and PATRICK CONDON,<br><br>                  Defendants. | **8:22CV360**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Austin Edward Lightfeather's ("Lightfeather" or "Plaintiff") Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 5, and response, Filing No. 7, to the Court's November 2, 2022 Memorandum and Order (the "Show Cause Order"), Filing No. 6, requiring Lightfeather to show cause why he is entitled to proceed IFP in this action. The Court has previously determined that three or more federal court cases brought by Lightfeather, while a prisoner, were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See, e.g.*, *Lightfeather v. McSwine*, No. 8:22-cv-00238-JFB-PRSE (D. Neb.) (Filing No. 11, finding Plaintiff has "three strikes" and dismissing complaint pursuant to 28 U.S.C. §1915(g)).[1] For the reasons that follow, the Court finds Lightfeather has failed to

---

[1] Previous cases brought by Plaintiff that were dismissed include: *Lightfeather v. Prey et al*, No. 8:21-cv-00211-RGK-PRSE (D. Neb.) (Filing Nos. 15 & 16, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on April 8, 2022, after Plaintiff failed to amend complaint); *Lightfeather v. Green et al*, No. 8:21-cv-00208-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 12, 2021, after Plaintiff failed to amend complaint); *Lightfeather v. Ricketts et al*, No. 8:21-cv-00165-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 7, 2021, after Plaintiff failed to amend complaint); *Lightfeather v. City of Lincoln*, No. 4:20-cv-03118-RGK-PRSE (D. Neb.) (Filing Nos. 112 & 113, May 24, 2021 Memorandum and Order and Judgment dismissing Plaintiff's second amended complaint for failure to state a claim and for being frivolous); *Lightfeather v. Beatrice*

demonstrate that he is entitled to proceed IFP under the imminent-danger-of-serious-injury exception to the "three strikes" rule in 28 U.S.C. § 1915(g).

## I. THREE STRIKES RULE AND ITS EXCEPTION

As stated in the PLRA, a prisoner cannot

> bring a civil action . . . or proceeding [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Lightfeather's response to the Court's show cause order fails to show that any of the cases identified by the Court as strikes were not dismissed as frivolous or for failure to state a claim. See Filing No. 7 at 5–11; *see also Lightfeather v. Prey et al.*, No. 8:21-cv-00211-RGK-PRSE (D. Neb.) (Filing No. 22, Memorandum and Order denying Lightfeather leave to appeal IFP because he failed to show that the cases identified by the Court should not be considered strikes). Because Lightfeather has "three strikes," he may only proceed IFP in this action if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

An indigent inmate who has acquired three strikes may file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). "[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed . . . . [and] the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (citation omitted). "When an inmate is granted

---

*Sun Times, et al*, No. 8:21-cv-00114-RGK-PRSE (D. Neb.) (Filing Nos. 14 & 15, May 19, 2021 Memorandum and Order and Judgment dismissing Plaintiff's complaint as frivolous).

leave to proceed in forma pauperis under the imminent danger exception, the in forma pauperis 'action must be limited to imminent danger claims that have been properly exhausted.'" *Charron v. Whitlock*, No. 2:18-CV-00032-PLC, 2018 WL 3546763, at *1 (E.D. Mo. July 24, 2018) (quoting *McAlphin v. Toney*, 375 F.3d 753, 755 (8th Cir. 2004)).

Applying these principles, the Eighth Circuit has concluded that the imminent-danger-of-serious-physical-injury standard was satisfied when an inmate alleged that prison officials continued to place him near his inmate enemies, despite two prior stabbings, *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), and when an inmate alleged deliberate indifference to his serious medical needs that resulted in five tooth extractions and a spreading mouth infection requiring two additional extractions, *McAlphin v. Toney*, 281 F.3d 709, 710–11 (8th Cir. 2002). However, the Eighth Circuit has held that a general assertion that defendants were trying to kill the plaintiff by forcing him to work in extreme weather conditions despite his blood pressure condition, was insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury. *Martin*, 319 F.3d at 1050.

## II. LIGHTFEATHER'S COMPLAINT AND RESPONSE

When Lightfeather filed his Complaint on October 17, 2022, he was a pretrial detainee confined in the Diagnostic and Evaluation Center within the Nebraska Department of Correctional Services ("NDCS") for a presentence evaluation. Filing No. 1 at 8. He was later sentenced on December 30, 2022, and is presently confined in the custody of the NDCS. *See* Filing No. 1 at 10 (noting scheduled sentencing date of

December 30, 2022); Filing No. 35, Case No. 8:21CV115 (Jan. 6, 2023 letter indicating Lightfeather released from Lancaster County Department of Corrections on December 30, 2022); *Lightfeather v. Woods*, No. 8:21CV115, 2023 WL 5294110, at *2 (D. Neb. Aug. 17, 2023) (Filing No. 69 at 3, noting Lightfeather is currently serving an 18-year prison sentence).² Lightfeather seeks damages against the Lancaster County Courts, Judge McManaman of the Lancaster County District Court, and Lancaster County Attorneys Christopher Siefert ("Siefert") and Patrick Condon ("Condon") (collectively "Defendants") in their official capacities under 42 U.S.C. § 1983 for alleged violations of his due process, equal protection, and First Amendment rights. Filing No. 1 at 1, 3, 7.

As the Court understands it, Lightfeather claims Defendants failed to properly consider his state habeas petition which he filed after he exhausted all his remedies to challenge his confinement based on the forced administration of "Envaga" injections in May 2020 to July 2020 and June 2022 to August 2022, which caused Lightfeather, on July 2, 2020, to commit the crime of which he is now convicted. *Id*. at 4, 6, 9–10, 14. Lightfeather alleges the injections were discontinued September 1, 2022, but he sustained injury from them, including a new diagnosis of diabetes that "is linked directly to the Injection that almost killed me in August of 2022." *Id*. at 2. Lightfeather further alleges he has "cancer that has gone untreated" and "can be assaulted in D&E State facility prisoner custody, ran by NDCS . . . from inmates who do not understand[] my Autism condition and my Diebiaties [sic] low blood sugar diagnosis." *Id*. at 2, 16, 18 (punctuation corrected).

---

² The Court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the Court's own records of prior litigation closely related to the case before it. *Id.*

4

In his November 9, 2022 response to the Court's Show Cause Order, Lightfeather asserts the danger he faces is the "injection drug ordered by County Court Officials that threatened my well being [sic] & life of risk ordered by Christopher Siefert in 2022 of June, July, August, that caused direct diabieties [sic] blood sugar effects which altered my health." Filing No. 7 at 1. Lightfeather also states,

> The injection drug was ordered by the County Officials of close relation directly involved in my health and legal protections threatend [sic] unapproved by the FDA ignoring my Autism [diagnoses] stating I have schitzophrinia [sic] in County Court documents which I have challenged because I do not suffer from voices or hallusinations [sic] which the drug treated, the drug does not treat autism spectrum Disorder.

Id. at 3 (punctuation & emphasis omitted). Lightfeather claims the Envaga shot caused him to believe he was "a CIA Agent that worked for the Federal Government against German nazis invading America in 2020 to kill and take over soil to native Americans, Jews, and advance in critical intellectual warfare, which needed my intellingence [sic] to save the world." Id. at 3–4. Lightfeather also reiterates that he is at risk of assault in prison due to his Autism diagnosis. Id. at 2.

### III. DISCUSSION

Even giving Lightfeather's pleadings their most liberal construction, the Court concludes that he has failed to allege that he is under imminent danger of serious physical injury in order to proceed IFP under the exception to the three-strikes rule in 28 U.S.C. § 1915(g).

The denial of appropriate medical care may, under certain circumstances, present an "imminent danger" sufficient to create an exception to the three-strikes policy and allow a prisoner to proceed in forma pauperis. See Partin v. Harmon, 113 Fed. App'x 717, 718 (8th Cir. 2004) (unpublished) (per curiam) (holding that plaintiff satisfied

5

the imminent danger exception where he alleged that "he was exposed to raw sewage; denied treatment for tuberculosis, prostate cancer, and colon cancer; deprived of prosthetic support boots; denied medical care for an injured knee and ankle; and forced to work against medical restrictions" and "that these serious medical needs continue to go untreated"); *McAlphin*, 281 F.3d at 711 (8th Cir. 2002); *see also Brown v. Wolf*, 705 Fed. App'x 63, 66-67 (3d Cir. 2017) (holding that allegation by prisoner that the prison was "refusing him *any* medical treatment for his Hepatitis C, if true, puts [plaintiff] in imminent danger of serious physical injury.") (emphasis in original); *but see Martin*, 319 F.3d at 1050-51 (finding that plaintiff's "conclusory assertion that defendants were trying to kill [plaintiff] by forcing him to work in extreme conditions despite his blood pressure condition" did not satisfy the imminent-danger exception). However, "[t]he Eighth Circuit Court of Appeals has been reluctant to apply the imminent danger exception unless the alleged ongoing danger subjects the prisoner to risk of a truly serious physical injury." *Murphy v. Payne*, No. 1:18-CV-00082-KGB, 2019 WL 2009283, at *3 (E.D. Ark. May 7, 2019) (comparing *Ashley*, 147 F.3d at 717 (applying the imminent danger exception when a prisoner alleged prison officials continued to place him near his enemies despite two prior stabbings), with *Martin*, 319 F.3d at 1050 (refusing to apply the imminent danger exception when a plaintiff alleged prison officials made him work outside in extreme weather conditions that did not result in any serious physical injuries)).

Here, Lightfeather alleges he is not receiving any medical treatment for his cancer, but he does not allege what kind of cancer he was diagnosed with, what effects, if any, the cancer has had on his health, or even if any medical provider has recommended any course of treatment. Additionally, while Lightfeather alleges he

6

suffered adverse effects from the Envaga injections, including "near death and diebeties [sic]," nowhere does Lightfeather allege that these injections were being administered without, or contrary to, a court order. On the contrary, Lightfeather's allegations suggest that the Envaga injections were requested by the Defendant County Attorneys and approved by the Lancaster County Courts. The forced administration of medication, on its own, does not necessarily create an imminent danger of serious physical injury. *See Holbach v. North Dakota*, No. 3:13-CV-38, 2014 WL 295153, *2 (D.N.D. Jan. 24, 2014) (finding plaintiff's conclusory statement that he was being drugged "to kill [him] . . . and silence [him]" by state hospital after being found incompetent to stand trial was insufficient to implicate the imminent danger exception); *Robinson v. Stoddard*, No. 1:13–cv–754, 2013 WL 3974715, *2 (W.D.Mich. Aug. 2, 2013) (finding plaintiff's claim that being subjected to forced unidentified medication is life-threatening is "wholly irrational" and does not implicate the imminent danger exception); *Staley v. Yu*, No. 9:07–159–PMD–GCK, 2007 WL 1149874, *1 (D.S.C. Apr. 11, 2001) (Failure to demonstrate that forced psychotropic medication was necessarily dangerous or that it caused the plaintiff to suffer any specific injury did not meet the showing of imminent physical harm required under § 1915(g).).

Regardless, taking Lightfeather's allegations of harm resulting from the Envaga injections as true, the Court concludes that Lightfeather has not shown that he faces any continuing or ongoing risk of future injury. See *Martin*, 319 F.3d at 1050 ("[T]the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct."). Lightfeather specifically alleges the injections were discontinued as of September 1,

7

2022, well before he filed his Complaint in this matter and before he was moved out of Lancaster County custody into the custody of the NDCS. Allegations that Lightfeather sustained injury from the injections in the past do not qualify as a threat of imminent danger under the plain language of § 1915(g). *Ashley*, 147 F.3d at 717 ("Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan.").

Finally, Lightfeather's allegations that he is at risk of assault in prison are speculative at best and do not establish he faces a threat of imminent harm. Lightfeather, thus, has not alleged sufficient facts to demonstrate that he is under imminent danger of serious physical injury in order to proceed IFP pursuant to 28 U.S.C. § 1915(g).

## IV. CONCLUSION

Upon careful consideration of the response to the Show Cause Order and the Complaint, the Court finds that Lightfeather's allegations do not support a finding that Lightfeather faces an imminent danger of serious physical injury. Lightfeather, therefore, is prohibited from proceeding IFP pursuant to 28 U.S.C. § 1915(g). Because Lightfeather has not paid the $402.00 filing and administrative fees and for lack of good cause shown, this matter is dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1. Lightfeather's Motion for Leave to Proceed in Forma Pauperis, Filing No. 5, is denied.

2.     This case is dismissed without prejudice and a separate judgment will be entered in accordance with this Memorandum and Order.

3.     Any notice of appeal filed by Lightfeather must be accompanied by the $505.00 appellate filing fee because Lightfeather will not be allowed to proceed in forma pauperis on appeal.

Dated this 25th day of August, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge